**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Michael Harvey, ) | |
| ) | |
| Petitioner, ) | **ORDER ON MOTION TO VACATE,** |
| ) | **SET ASIDE, OR CORRECT SENTENCE** |
| vs. ) | |
| ) | Case No. 3:23-cv-171; 3:23-cv-172 |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

_____

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:20-cr-117; 3:22-cr-75 |
| Michael Harvey, ) | |
| ) | |
| Defendant. ) | |

_____

Petitioner Michael Harvey moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 205 (case no. 3:20-cr-117); Doc. 29 (case no. 3:22-cr-75). The United States opposes the motions. Doc. 207 (case no. 3:20-cr-117); Doc. 31 (case no. 3:22-cr-75). After careful review of the entire record, the motions are denied.

## I.   BACKGROUND

In July 2020, Harvey was charged in connection to his role as the leader of a multi-state check cashing scheme. Doc. 2.[1] Harvey eventually pleaded guilty to one count of bank fraud and one count of aggravated identity theft. Doc. 97. The factual basis for the guilty pleas outlined the details of the scheme. Doc. 97 at 2-3. Harvey admitted that he directed individuals to steal checks

---

[1] Unless otherwise indicated, the citations in this order refer to case no. 3:20-cr-117.

from mailboxes located in industrial areas and recruit other individuals referred to as "cashers" to cash the stolen checks. Id. He then altered the stolen checks to appear as if they had been written to the "casher." Id. Harvey would distribute the proceeds from the fraudulent checks amongst the cashers, co-defendants, and himself. Id. As part of the scheme, he specifically conceded he used the identifying information of T.B. without proper authority in connection to bank fraud. Id. at 3.

Harvey was sentenced to 41 months of imprisonment on the bank fraud conviction and 24 months for aggravated identity theft to be served consecutive to the bank fraud sentence. Doc. 156. These sentences were to be served concurrently with the sentence imposed in a separate case that originated in Wisconsin. See Case No. 3:22-cr-75. Harvey did not appeal. He filed these § 2255 motions on September 11, 2023, challenging his 24-month sentence for aggravated identity theft, arguing that he is not guilty based on the holding in United States v. Dubin, 599 U.S. 110 (2023) and that he received ineffective assistance of counsel.

## II. LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

Harvey bases his § 2255 motion on, in part, a violation of his Sixth Amendment right to effective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation,

meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226,

1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

The court may dismiss a Section 2255 motion without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III. DISCUSSION

Harvey contends he is factually innocent of aggravated identity theft post-Dubin and that his counsel was ineffective for failing to raise the argument that was successful in Dubin. When Harvey's accusations are examined against the record, however, it is clear that his claims lack merit.

### A. Procedural Default

To start, Harvey did not object to the Court's interpretation of 18 U.S.C. § 1028A(a)(1)—the aggravated identity theft statute—at any point in his criminal proceedings, and he did not appeal his conviction. As a result, the claim is procedurally defaulted because it was not raised on direct review. Roundtree v. United States, 885 F.3d 1095, 1098 (8th Cir. 2018); Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and

actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (cleaned up).

### B. Actual Innocence

Harvey argues he is actually innocent. To establish actual innocence, a defendant must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley, 523 U.S. at 624. Harvey suggests Dubin stands for the proposition that his conviction and sentence were unlawful because the statute is unconstitutionally vague. But Harvey's reading of Dubin sweeps too broadly. In Dubin, the United States Supreme Court held that to be convicted of aggravated identity theft, the use of another individual's identity must be at the "crux of the criminality." Dubin, 599 U.S. at 131-32. To be sure, Dubin held that the specific defendant at issue could not have committed aggravated identity theft because, while he had inflated some Medicare billings, no one's specific identity had been used fraudulently or deceptively. Id. at 132. But Harvey's crime in not analogous.

Here, Harvey reproduced a check signed by T.B. that was drawn on his business account. He used T.B.'s actual signature to wrongfully access funds that belonged to T.B. T.B.'s identity was used in a fraudulent and deceptive manner and "at the crux" of the criminality to which Harvey pleaded guilty. A reasonable juror could have found Harvey guilty, he is not actually innocent of the crime of identity theft under Dubin, and his claim fails.

### C. Ineffective Assistance

Harvey's claim for ineffective assistance fails for the same reason as the actual innocence claim. His claim for ineffective assistance is predicated on counsel being ineffective for failing to make the argument that was successful in Dubin. But this argument would have failed because Harvey's case is distinguishable from Dubin. Counsel is not ineffective for failing to raise a

5

meritless argument. See Thomas v. United States, 951 F.2d 902, 904-05 (8th Cir. 1991). Harvey's counsel was not ineffective for failing to raise a Dubin argument, and his claim fails.

### D. Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Harvey's substantive § 2255 claims, the record decisively refutes each claim presented. As such, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Harvey's motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 205 in case no. 3:20-cr-117 and Doc. 29 in case no. 3:22-cr-75) are **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If

Harvey desires further review, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this \_\_\_\_\_ day of January, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court